VECHSLER v. BLITZER.   (No. 6685.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

PARTNERSHIP (§ 348*)—DISSOLUTION AGREEMENT—INJUNCTION.

In a suit to annul a partly executed partnership dissolution agreement, complainant was not entitled to an injunction restraining defendant from suing on or asserting any claim under the agreement, or from assigning any claim to moneys to become due thereon, or from interfering with complainant's rights of property; the only threatened interference being an apprehended action to enforce payment of moneys to become due under the agreement.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 822; Dec. Dig. § 348.*]

Appeal from Special Term, New York County.

Suit by William Vechsler against Sigmund Blitzer.   From an order granting a motion to continue an injunction during the pendency of the action, defendant appeals.   Reversed, and motion for a temporary injunction denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Harold H. Bowman, of New York City, for appellant.

Max Brown, of New York City, for respondent.

PER CURIAM.   The action is to annul on the ground of fraud, and to restrain defendant from suing upon or asserting any claim under, a partly executed partnership dissolution agreement, and as well from assigning any claim to moneys hereafter to become due thereunder, and likewise to restrain defendant "from interfering with the rights and property of the plaintiff."   The injunction order appealed from is equally broad.   The only threatened interference with plaintiff's "rights and property" ascertainable from the record is an apprehended action to enforce payment of the moneys to become due under the agreement.   Plaintiff needs no injunction to protect him from an assignment by defendant of his claim for these moneys, because any such assignment would be subject to his equities.   Nor should defendant be restrained from prosecuting an independent action to recover the unpaid moneys, and thus be driven into establishing his right to such moneys by a counterclaim in this action:   (1) Because it is doubtful whether such a counterclaim could be properly interposed herein, inasmuch as the basis of this action is fraud; and (2) defendant has a right, under the circumstances, to choose his own forum for the enforcement of his claim.

The order appealed from should be reversed, with $10 costs and disbursements, and plaintiff's motion for a temporary injunction denied, with $10 costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes